IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD NEWMAN,

    Plaintiff,

v.

NANCY A. BERRYHILL,

Acting Commissioner of the Social Security Administration,

    Defendant.

Case No. 3:17-cv-189

JUDGE WALTER H. RICE

MAGISTRATE JUDGE MICHAEL J. NEWMAN

---

DECISION AND ENTRY SUSTAINING DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION'S MOTION TO REMAND FOR FURTHER PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) (DOC. #7); JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST THE DEFENDANT COMMISSIONER, REVERSING THE DEFENDANT COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING CAPTIONED CAUSE TO THE COMMISSIONER FOR FURTHER PROCEEDINGS; TERMINATION ENTRY

---

Plaintiff Donald Newman ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On November 29, 2017, the Commissioner filed a Motion for Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) ("Motion for Remand"). Doc. #7. In the Motion for Remand, the Commissioner conceded that the Administrative Law Judge's ("ALJ's") finding that Plaintiff is not disabled, and therefore, not entitled to benefits, was not supported by

substantial evidence and, thus, must be reversed. *Id.*, PAGEID #888. However, the Commissioner argued that remand for further proceedings, rather than an award of benefits, was proper, because proof of disability was not overwhelming; nor was proof of disability strong while evidence of non-disability was lacking. *Id.* (citing *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

Plaintiff agrees that the captioned cause should be reversed and remanded, but argues that remand for an immediate award of benefits is proper. Doc. #8, PAGEID #892. Plaintiff claims that the opinion of his treating physician dictated a finding of disability under the treating physician rule, as the treating physician's opinion was supported by the opinions of Plaintiff's treating mental health specialists. *Id.* (citations omitted). Yet, Plaintiff concedes that the opinions of the Commissioner's record reviewing psychologists contradict the opinion of his treating source, *id.* (citing Doc. #5-3, PAGEID #108-09, 125-27), making it undisputed that evidence of non-disability is present. Further, in her reply memorandum, the Commissioner cited Plaintiff's activities of daily living and medical evidence of record, from which an ALJ could reasonably infer that Plaintiff's severe impairments were not disabling. Doc. #9, PAGEID #896-97 (citing Doc. #5-2, PAGEID #69, 79-80; Doc. #5-7, PAGEID #348, 358, 576, 582; Doc. #5-8, PAGEID #859-60). Thus, there is significant conflicting evidence as to whether Plaintiff's impairments are disabling, and it is the job of the Commissioner, not of this Court, to resolve the conflict. Thus, remand for further proceedings, rather than an immediate award of benefits, is required. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

2

For the foregoing reasons, the Court sustains the Commissioner's Motion for Remand. Doc. #7. Judgment shall enter in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act as unsupported by substantial evidence, and remanding the captioned cause to the Defendant Commissioner for further proceedings.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: January 22, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE